United States District Court
Southern District of Texas
**ENTERED**
June 12, 2024
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| CAROLINE SUE BARNETT, | § | |
| Plaintiff, | § | |
| | § | |
| | § | Civil Action No. 1:24-cv-067 |
| v. | § | |
| | § | |
| | § | |
| KEN PAXTON, et al, | § | |
| Defendants. | § | |

**MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

Before the Court are Plaintiff Caroline Sue Barnett's *pro se* "Federal Claim Suitability," "Statement to Objections of Reports," "Letter to Judge," and "New Discovery Statement" (collectively, Barnett's "Complaint"). Dkt. Nos. 1, 5, 6, 8. For the reasons provided below, it is recommended that the Court: (1) **DISMISS WITH PREJUDICE** Plaintiff's claims as collectively contained in her Complaint; and (2) **DIRECT** the Clerk of Court to **CLOSE** this case.

**I. JURISDICTION AND VENUE**

The Court has federal question subject matter jurisdiction because Barnett alleges violations of 42 U.S.C. § 1983. *See* Dkt. No. 1, 5, 6; 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

Venue is proper in this District and Division because a substantial portion of the alleged events giving rise to Barnett's lawsuit occurred here. *See* Dkt. Nos. 1, 5, 6

(describing actions occurring in Cameron County, Texas); 28 U.S.C. § 124(b)(4) ("the Brownsville Division comprises the counties of Cameron and Willacy."); 28 U.S.C. § 1319(b)(2) (noting that a civil action may be brought in the judicial district where "a substantial part of the events or omissions giving rise to the claim occurred").

## II. BACKGROUND AND PROCEDURAL HISTORY[1]

On May 15, 2024, Barnett filed her "Federal Claim Suitability" and Application to proceed *in forma pauperis* (Barnett's "IFP Application"). Dkt. Nos. 1, 2. Shortly after, Barnett supplemented her pleadings with two letters. Dkt. Nos. 5, 6. On June 12, 2024, the Court granted Barnett's IFP Application and, therefore, must review her Complaint Under 28 U.S.C. § 1915. Dkt. No. 9.

Barnett's claims center around alleged violations of her 8th, 14th, 1st, 5th, 7th, and 9th Amendment Constitutional rights. Dkt. No. 1 at 11. Barnett alleges the Defendants are engaged in sexual harassment, domestic violence, and witchcraft. Dkt. Nos. 1, 5, 6, 8. Barnett further alleges unspecified tort and contract claims against the Defendants. *Id.* Barnett claims she met with a card reader whose actions "led to worries and stress causing Card Read to part in a Hate crime causing Job loss and emotional damages." Dkt. No. 1. at 4. Barnett goes on to explain that there is a "miscarriage spell where a witch attaches herself to a person" and ultimately leads to a mysterious miscarriage. *Id.*; Dkt. No. 8 at 2. Barnett also claims the county attorney's office[2] is "involved doing sexual satanic rituals in which sexual harassment got more verbal and direct." Dkt. No. 1. at 6, 11; Dkt. No. 8 at

---

[1] The grammatical errors in this section mimic those in Barnett's Complaint. Dkt. Nos. 1, 5, 6, 8.
[2] For sake of clarity, the Court notes that Barnett describes events and people in the Travis County attorney's office throughout her Complaint. Dkt. Nos. 1, 5, 6, 8. The Court, then, interprets Barnett's references to the "county attorney's office" as referring to the Travis County attorney's office located in Austin, Texas.

1. Barnett further asserts that men in the county are "engaged in sexual gestures touching me with voodoo works," and "using witchcraft as an alternative to lure out of a lawsuit" Dkt. No. 1 at 8, 10; Dkt. No. 8 at 1.

Barnett also appears to raise assault claims against multiple, unnamed, Nebraska officers. Dkt. Nos. 1, 5, 6. Barnett further alleges the existence of "[g]overnment involvement in witchcraft conspiracy of abuses in Nebraska by Texas Residents." Dkt. No. 1 at 4; Dkt. No. 6 at 8. Barnett seeks removal of all groups engaged in witchcraft and requests a vehicle "to continue medical treatment outside of Austin Texas." Dkt. No. 1 at 11; Dkt. No. 5 at 1; Dkt. No. 8 at 1. In total, Barnett seeks over $90 million in damages. Dkt. No. 1 at 3.

Prior to filing this case, Barnett filed two other cases with similar claims and defendants in the Western District of Texas. *Barnett v. Chacon*, No. 23-50640, 2023 WL 8952594, at *1 (5th Cir. Dec. 28, 2023); *Barnett v. Biden*, No. 1:24-cv-124, 2024 WL 1080460, at *1 (W.D. Tex. Feb. 14, 2024); *Barnett v. Chacon*, No. 23-cv-00831, 2023 WL 4932605, at *1 (W.D. Tex. Aug. 1, 2023). By her own admission, Barnett acknowledges "the first case [was] dismiss[ed] in Western District Austin Texas" and that the second case was "dismissed [with] prejudice as well." Dkt. No. 1 at 8, 10. After her previous cases were dismissed, Barnett blames "[j]udges in partake of attempt to rid of a lawsuit" and is trying her hand in the Southern District of Texas. Dkt. No. 5 at 1; Dkt. No. 8 at 1.

### III. LEGAL STANDARD

**A. 28 U.S.C. § 1915 Screening**

Section 1915(e)(2)(B) provides, in part, that "the court shall dismiss the case at any time if the court determines that ... the action ... is frivolous or ... fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 90 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim lacks an arguable basis in fact when the "factual contentions are clearly baseless," such as when they describe "fantastic or delusional scenarios." *Id.* "A complaint fails to state a claim under § 1915(e)(2)(B)(ii) when it lacks sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Carmouche v. Hooper*, 77 F.4th 362, 366 (5th Cir. 2023) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

A pro se plaintiff's pleadings are "to be liberally construed" and no matter how "inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, pro se status does not offer a plaintiff an "impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Hous., N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Generally, "a district court may only dismiss a case *sua sponte* after giving the plaintiff notice of the perceived inadequacy of the complaint and an opportunity for the plaintiff to respond." *Brown v. Taylor*, 829 F.3d 365, 370 (5th Cir. 2016). Notice and an opportunity to respond are unnecessary, however, "in cases where the facts alleged are

'fantastic or delusional scenarios' or the legal theory upon which a complaint relies in 'indisputably meritless.'" *Eason v. Thaler*, 14 F.3d 8, 9 n.5 (5th Cir. 1994) (quoting *Neizke*, 490 U.S. at 327-28); *see also Barnett v. Chacon*, No. 23-50640, 2023 WL 8952594, at *1 (5th Cir. Dec. 28, 2023) (affirming sua sponte dismissal of frivolous complaint with prejudice under § 1915(e)).

### B. 42 U.S.C. § 1983

Section 1983 of Title 42 provides a cause of action against any person acting under color of state law who "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. Section 1983, however, "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S.137, 144 n. 3 (1979). To establish a claim under § 1983, a plaintiff must: (1) allege a violation of rights secured by the Constitution or laws of the United States; and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 525 (5th Cir. 1994).

### IV. DISCUSSION

Barnett asserts claims against numerous government officials on grounds that they are engaged in "aggressive harassment," "domestic violence" and "witchcraft." Dkt. Nos. 1, 5, 6, 8. Barnett states that "using witchcraft against victim or victims causes severe damages" and seeks damages for "witchcraft" that has been "overlooked." Dkt. No. 1 at 3;

Dkt. No. 5 at 1; Dkt. No. 8 at 2. Barnett's claims are both legally and factually frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i). Barnett further fails to state claims for which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Critically, beyond merely listing various constitutional amendments, Barnett cites no legal authority in support of her claims. Dkt. Nos. 1, 5, 6, 8.

A "frivolous" claim lacks an arguable basis in law or fact. *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, such as if it alleges the violation of a legal interest that clearly does not exist. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). A claim is factually frivolous if the facts alleged are clearly baseless, which encompasses allegations that are fanciful, fantastic, and delusional. *Denton*, 504 U.S. at 32-33.

Here, none of Barnett's allegations amounts to a violation of civil rights pursuant to 42 U.S.C. § 1983. *Leffall*, 28 F.3d at 525. Rather than put forth any meritorious legal theory, Barnett describes fantastic or delusional scenarios that are clearly baseless. *See Neitzke*, 490 U.S. 319, 327 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 31-33 (1992). Barnett's claims are, therefore, frivolous; they have no arguable basis in fact or law. *Id*. The Court further finds that it does not appear Barnett's "frivolous factual allocation c[an] be remedied through more specific pleading." *Denton*, 504 U.S. at 34. Thus, Barnett's Complaint should be dismissed with prejudice. *See* 28 U.S.C. § 1915(e).

## V. RECOMMENDATION

For the reasons stated above, it is recommended that the Court: (1) **DISMISS WITH PREJUDICE**[3] Plaintiff's claims as collectively contained in her Complaint; and (2) **DIRECT** the Clerk of Court to **CLOSE** this case.

## VI. NOTICE TO PARTIES

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

**SIGNED** on this **12th** day of **June, 2024**, at Brownsville, Texas.

**Ignacio Torteya, III**
**United States Magistrate Judge**

---

[3] The instant case is Barnett's third attempt to seek relief. Dkt. No. 1 at 8, 10. Plaintiff cannot repeatedly file the same faulty claim in different districts hoping for a different outcome. *See, e.g., Carroll v. Abide*, 850 F.3d 811, 815-16 (5th Cir. 2017) (affirming injunction against pro se litigants who repeatedly attempted to litigate issues that were resolved against them). Accordingly, it is also recommended that the Court warn Barnett that if she files any additional lawsuits related to the same claims, the Court will issue a show cause order requesting a response as to why it should not enter a preclusion order barring Barnett from filing any further lawsuits without first seeking court approval.